Appellate Case No.: 13-56203

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

CHARLES NICHOLS,

*Plaintiff and Appellant*,

vs.

KAMALA D. HARRIS, Attorney General, in her official capacity as

Attorney General of California,

*Defendant and Appellee*;

CITY OF REDONDO BEACH, and DOES 1 to 10,

*Defendants*.

## APPELLEE CITY OF REDONDO BEACH'S OPPOSITION TO EMERGENCY MOTION FOR STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL; DECLARATION OF T. PETER PIERCE IN SUPPORT

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
HONORABLE S. JAMES OTERO, CASE NO. CV 11-9916 SJO (SS)

T. PETER PIERCE (Bar No. 160408)
LISA BOND (Bar No. 172342)
RICHARDS, WATSON & GERSHON
 A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Telephone:  213.626.8484
Facsimile:  213.626.0078

Attorneys for Appellee
City of Redondo Beach

## I.   SUMMARY OF REASONS TO DENY EMERGENCY MOTION

Plaintiff and appellant Charles Nichols (Nichols) seeks an emergency Order staying his lawsuit in the District Court against the Attorney General of California (Attorney General) and against the City of Redondo Beach (Redondo Beach).

The emergency motion should be denied as to Redondo Beach because it is *not a party* to this appeal.[1]  This appeal arises from the District Court's Order denying a preliminary injunction sought to block enforcement of *California* law, not Redondo Beach law. Nichols never sought a preliminary injunction against Redondo Beach in the course of this lawsuit.  This appeal, therefore, has no impact on the claims asserted against Redondo Beach.  The motion for a stay should be denied as to those claims, and Redondo Beach should be left to proceed with its effort to obtain a favorable judgment in the District Court.

---

[1] Redondo Beach takes no position on whether the motion should be granted or denied as to the Attorney General.

## II.    NICHOLS FAILS TO ESTABLISH THE NECESSARY ELEMENTS OF A STAY.

This Court applies four factors in evaluating a stay request:

(1) [W]hether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)).  The first two factors are the most critical.  *Id.* at 1204.  Nichols bears the burden of establishing each factor.  *Id.* at 1203.

### A.    Nichols Fails To Show He Is Likely To Succeed On His Claims Against Redondo Beach.

Nichols has not made *any* showing, let alone a strong showing, that he is likely to succeed on the merits of his claims against

-2-

Redondo Beach. This is not surprising because the Order from which

Nichols appeals says not a word about the merits of his claims against

Redondo Beach. For the Court's convenience, the Order is attached

to the Notice of Appeal, appended here as Exhibit A. Declaration of

T. Peter Pierce at ¶ 2. The Order reveals that Nichols "seeks to

preliminarily enjoin the enforcement of Section 25850, Section 26350,

and Section 26400" of the California Penal Code. Order, p. 2, bottom

paragraph. The Order mentions nothing about the validity of

Redondo Beach's laws because Nichols did not seek to preliminarily

enjoin those laws. Indeed, footnote 3 of the Order (at p. 2) states that

the claims against Redondo Beach "are not relevant to the instant

Motion [for preliminary injunction]." Nichols has not furnished this

Court with any basis to conclude that he is likely to prevail against

Redondo Beach on the merits.


    B.    <u>**Nichols Fails To Establish That He Would Be**</u>

             <u>**Irreparably Injured Absent A Stay Of His Claims**</u>

             <u>**Against Redondo Beach**</u>.

If this Court, as it should, denies the stay request as to the

claims against Redondo Beach, Nichols will be left to respond to

-3-

Redondo Beach's defenses at the same time he prosecutes his appeal against the Attorney General. No harm, let alone irreparable harm, would result. Nichols challenges the California statutes identified above, and at the same time, separately challenges Redondo Beach's ordinance prohibiting the carrying of firearms in public parks. *See* Order at pp. 1-2, & n.2. Specifically, Nichols challenges the City's ordinance as applied to him when he was arrested on May 21, 2012 for openly carrying a firearm in a park. *See* Order at pp. 1-2. This Court's opinion as to the validity of the three California statutes will have no bearing whatsoever on Nichols' as-applied challenge to Redondo Beach's ordinance. It follows that Nichols will not be harmed if he must respond to the City's defenses and, simultaneously, prosecute his appeal with respect to California law.

## III.    CONCLUSION

Nichols fails to satisfy the first two, and the most important, factors in evaluating his emergency request for a stay. Discussion of the remaining two factors is unnecessary. The motion should be

-4-

denied insofar as it seeks a stay of the proceedings in the District

Court with respect to Redondo Beach.


Dated:  July 31, 2013          RICHARDS, WATSON & GERSHON
                                A Professional Corporation
                               T. Peter Pierce
                               Lisa Bond


                           By: _____
                                   T. Peter Pierce
                                   Attorneys for Appellee
                                   City of Redondo Beach


-5-

## DECLARATION OF T. PETER PIERCE

I, T. Peter Pierce, declare:

1.  I am an attorney admitted to practice before this Court and licensed to practice before all courts of the State of California.  I am the attorney primarily responsible for representing the City of Redondo Beach in this litigation.  I have personal knowledge of the matter set forth below.

2.  Attached here as Exhibit "A" is a true and correct copy of the "Plaintiff's Notice of Appeal" which I received by way of electronic service.  The District Court's "Order Denying Plaintiff's Motion for a Preliminary Injunction" is appended to the Notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 31, 2013.

_____
T. Peter Pierce

-6-

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info
In Pro Per

FILED
CLERK, U.S. DISTRICT COURT

JUL - 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

United States District Court

Central District of California

Charles Nichols,

        PLAINTIFF,

    vs.

KAMALA D. HARRIS, Attorney

General, in her official capacity as

Attorney General of California, CITY

OF REDONDO BEACH, and DOES 1

to 10,

        Defendants.

**Case No.: CV-11-9916 SJO (SS)**

**PLAINTIFF'S NOTICE OF APPEAL**

**PRELIMINARY INJUNCTION**

PAID

JUL 8 2013

Clerk, US District Court
COURT 4612

1

NOTICE OF APPEAL CV-11-9916 SJO (SS)

## NOTICE OF APPEAL – PRELIMINARY INJUNCTION APPEAL

NOTICE IS HEREBY GIVEN that Charles Nichols, Plaintiff in Pro Per, in the above named case hereby appeals to the United States Court of Appeals for the Ninth Circuit from an order denying Plaintiff's Motion for Preliminary Injunction filed and entered in this action on July 3, 2013 (Docket No. 108) attached as Exhibit A.

Pursuant to CIRCUIT RULE 3-2(a) no FRAP 12(b) Representation Statement is required.


Dated: July 7, 2012


Charles Nichols
PLAINTIFF in Pro Per
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail:
CharlesNichols@Pykrete.info

2

# EXHIBIT A
## Case No.: CV-11-9916 SJO (SS)

UNITED STATES DISTRICT COURT
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** CV 11-09916 SJO (SS)          **DATE:** July 3, 2013

**TITLE:** Charles Nichols v. Edmund G Brown, Jr., et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                               Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** [Docket No. 85]

This matter is before the Court on Plaintiff Charles Nichols's ("Plaintiff") Motion for a Preliminary Injunction ("Motion"), filed April 10, 2013. Defendant Kamala D. Harris ("Harris"), the Attorney General of California, filed an opposition on May 2, 2013. Plaintiff filed a reply on May 7, 2013. On May 16, 2013, the Court struck the opposition and reply for exceeding the page limitations set forth in this Court's Initial Standing Order. Harris thereafter filed her amended Opposition on May 28, 2013,[1] and Plaintiff filed his amended Reply on June 3, 2013. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 20, 2013. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** Plaintiff's Motion.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, asserts that there is a constitutional right to openly carry a firearm for self-defense in "non-sensitive" public spaces. (*See generally* Second Am. Compl. ("SAC"), ECF No. 83.) Plaintiff accordingly contends that certain California laws and municipal ordinances are unconstitutional to the extent that they infringe upon this right.[2] Plaintiff alleges that he has

_____

[1]  Harris has also filed a number of evidentiary objections to the Declaration of Plaintiff. (ECF No. 104–5.) Because the Court does not rely on Plaintiff's declaration in deciding this Motion, the Court declines to rule on these objections.

[2]  Specifically, in his SAC Plaintiff challenges California Penal Code sections 25850 ("Section 25850"), 26350 ("Section 26350"), 26400 ("Section 26400"), 26150-26165, 26175-26190, and 26200-26210 (collectively, the "California Statutes"). (SAC ¶¶ 57-65.) Plaintiff also challenges Redondo Beach Municipal Code ordinances 4-35.01 and 4-35.20 (the "Redondo Beach Ordinances") as an unconstitutional infringement on Plaintiff's right to openly carry firearms. (SAC ¶¶ 81-82.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 11-09916 SJO (SS)          DATE: July 3, 2013

violated and will continue to violate Section 25850 and the Redondo Beach Ordinances by openly carrying a firearm in public spaces. (SAC ¶ 49.) Plaintiff points to a specific incident on May 21, 2012, when Plaintiff was arrested by Redondo Beach police officers for openly carrying an unloaded firearm in Redondo Beach after Plaintiff refused to allow the officers to ascertain whether the firearm was loaded. (SAC ¶ 45.) Plaintiff also alleges that he has been refused a license to carry a weapon pursuant to California Penal Code sections 26150-26225. (SAC ¶ 47.)

Plaintiff filed his initial Complaint on November 30, 2011. Plaintiff filed the currently operative SAC on March 29, 2013, after the Court accepted the Report and Recommendation of Magistrate Judge Segal and dismissed with leave to amend Plaintiff's First Amended Complaint. (*See generally* Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge, ECF No. 82.) The SAC asserts that Harris has violated Plaintiff's Second, Fourth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 through the enforcement of the allegedly unconstitutional California Statutes.[3] (SAC ¶¶ 55-69.) Plaintiff filed the Motion on April 10, 2013.

II.    DISCUSSION

"The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it." *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). Further, when deciding a motion for preliminary injunction, "the court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Id.* A plaintiff seeking a preliminary injunction must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, a preliminary injunction is also appropriate if the plaintiff can show that "serious questions going to the merits were raised and the balance of hardship tips sharply towards the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052 (9th Cir. 2010) (holding that the sliding scale test remains viable so long as plaintiff can satisfy other factors contained in *Winter*) (citation omitted).

Plaintiff seeks to preliminarily enjoin the enforcement of Section 25850, Section 26350, and Section 26400 (the "Challenged Statutes") on constitutional grounds. (*See generally* Mot., ECF No. 85.) Section 25850 prohibits the carrying of a loaded firearm in public, providing in relevant part as follows:

---

[3] The SAC also alleges claims against Redondo Beach in relation to the Redondo Beach Ordinances. (SAC ¶¶ 70-82.) These claims, however, are not relevant to the instant Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 11-09916 SJO (SS)</u>          DATE:  <u>July 3, 2013</u>

(a) A person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory.

(b) In order to determine whether or not a firearm is loaded for the purpose of enforcing this section, peace officers are authorized to examine any firearm carried by anyone on the person or in a vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory. Refusal to allow a peace officer to inspect a firearm pursuant to this section constitutes probable cause for arrest for violation of this section.

Cal. Penal Code § 25850(a)-(b).  Section 26350 prohibits the carrying of unloaded handguns in public, providing specifically that:

(a)(1) A person is guilty of openly carrying an unloaded handgun when that person carries upon his or her person an exposed and unloaded handgun outside a vehicle while in or on any of the following:

(A) A public place or public street in an incorporated city or city and county.

(B) A public street in a prohibited area of an unincorporated area of a county or city and county.

(C) A public place in a prohibited area of a county or city and county.

(2) A person is guilty of openly carrying an unloaded handgun when that person carries an exposed and unloaded handgun inside or on a vehicle, whether or not on his or her person, while in or on any of the following:

(A) A public place or public street in an incorporated city or city and county.

(B) A public street in a prohibited area of an unincorporated area of a county or city and county.

(C) A public place in a prohibited area of a county or city and county.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 11-09916 SJO (SS)          DATE: July 3, 2013

Cal. Penal Code § 26350(a). Finally, Section 26400 prohibits "carrying an unloaded firearm that is not a handgun in an incorporated city or city and county when that person carries upon his or her person an unloaded firearm that is not a handgun outside a vehicle while in the incorporated city or city and county." Cal Penal Code § 26400(a).

    A.   Likelihood of Success on the Merits

Plaintiff argues that a preliminary injunction is appropriate for the following reasons: (1) the Challenged Statutes violate the Second Amendment because they infringe Plaintiff's right to openly carry a firearm in public; (2) the Challenged Statutes violate the Fourteenth Amendment because their application depends on numerous factors including county population and statutory exemptions for certain classes of people; (3) Section 25850(b) violates the Fourth Amendment because it provides that refusal to comply with a police officer's request to ascertain whether a firearm is loaded provides the officer probable cause to effect an arrest; and (4) Section 25850 is unconstitutionally vague. (See generally Mot.)

The Court notes at the outset that Plaintiff is mounting a facial challenge. In his Reply Plaintiff alludes to a "death threat against Plaintiff" and argues that this death threat and the Los Angeles County Sheriff's Department's purportedly lackluster response to this threat somehow converts Plaintiff's challenge into an as-applied challenge. (Reply 3.) Plaintiff also argues that "Plaintiff's [M]otion . . . explicitly states that his challenge is both facial and as-applied." (Reply 2.) These arguments are without merit. A "claim is 'facial' [if] . . . it is not limited to plaintiffs' particular case, but challenges application of the law more broadly." John Doe No. 1 v. Reed, 130 S. Ct. 2811, 2817 (2010). When such a claim "reach[es] beyond the particular circumstances of the[] plaintiff[] . . . [it] must . . . satisfy our standards for a facial challenge to the extent of that reach." Id. Thus, an example of an as-applied challenge would be if Plaintiff were being prosecuted by the state of California for violation of Section 25850, and Plaintiff then challenged the constitutionality of the statute as applied to him. This is not the case here, where Plaintiff contends that the Challenged Statutes are unconstitutional generally.[4] (See Mot. 1.)

Facial challenges to the constitutionality of statutes are disfavored. The Supreme Court has explained that:

> Facial challenges are disfavored for several reasons. Claims of facial invalidity often rest on speculation. As a consequence, they raise the risk of premature interpretation of statutes on the basis of factually barebones records. Facial challenges also run contrary to the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity

---

[4] In any event, Plaintiff has provided no fact pattern in his Motion for the Court to analyze.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 11-09916 SJO (SS)          DATE:  July 3, 2013

of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied. Finally, facial challenges threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution. We must keep in mind that a ruling of unconstitutionality frustrates the intent of the elected representatives of the people.

*Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450-51 (2008) (internal citations and quotations marks omitted). The Court considers each of Plaintiff's contentions in turn.

1.     Second Amendment

Plaintiff's primary argument is that the Challenged Statutes unlawfully infringe the right to openly carry a firearm in public pursuant to the Second Amendment. The Supreme Court has "recognized an individual right under the Second Amendment . . . [and] held that this right is fundamental and is incorporated against states and municipalities under the Fourteenth Amendment." *Nordyke v. King*, 681 F.3d 1041, 1043-44 (9th Cir. 2012) (en banc) (citing *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, — U.S. ----, 130 S. Ct. 3020 (2010)). Specifically, in *Heller* the Supreme Court recognized the Second Amendment "right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635; *see also McDonald*, 130 S. Ct. at 3050 ("In *Heller*, we held that the Second Amendment protects the right to possess a handgun in the home for the purpose of self-defense.") This right, however, is "not unlimited," and it does not "protect the right of citizens to carry arms for *any sort* of confrontation." *Heller*, 554 U.S. at 595. Nor is this individual right "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."[5] *Id.* at 626.

Lower courts have been cautious, however, in expanding the scope of this right beyond the contours delineated in *Heller*. For instance, the Seventh Circuit explained that *Heller* should not be interpreted as "containing broader holdings than the Court set out to establish: that the Second Amendment creates individual rights, one of which is keeping operable handguns at home for self-defense. What other entitlements the Second Amendment creates, and what regulations

---

[5]  Plaintiff makes much of two nineteenth century state court decisions cited in *Heller* that struck down open carry bans. *See Nunn v. State*, 1 Ga. 243 (1846); *State v. Chandler*, 5 La. Ann. 489 (1850). As indicated by the above discussion, however, *Heller* did not adopt these cases' holdings. Rather, the Supreme Court cited *Nunn* and *Chandler* as examples of "early-19th century state cases [that] indicated that the Second Amendment right to bear arms was an individual right unconnected to militia service, though subject to certain restrictions." *Heller*, 554 U.S. at 611.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 11-09916 SJO (SS)          DATE: July 3, 2013

legislatures may establish, were left open." *United States v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010). Likewise, the Fourth Circuit has cautioned that "a considerable degree of uncertainty remains as to the scope of [the Second Amendment right announced in *Heller*] beyond the home." *United States v. Masciandaro*, 638 F.3d 458, 467 (4th Cir. 2011). Accordingly, "[t]he whole matter strikes us as a vast *terra incognita* that courts should enter only upon necessity and only then by small degree." *Id.* at 475; *see also Woollard v. Gallagher*, 712 F.3d 865, — (4th Cir. 2013) (reversing district court's holding that a handgun permit law violated the Second Amendment and observing that the district court's decision "broke ground that our superiors have not tread" by asserting that the Second Amendment right recognized in *Heller* "extends beyond the home").

Courts that have considered the meaning of *Heller* and *McDonald* in the context of open carry rights have found that these cases did not hold that the Second Amendment gives rise to an unfettered right to carry firearms in public.[6] *See, e.g.*, *Gonzalez v. Village of W. Milwaukee*, 671 F.3d 649, 659 (7th Cir. 2012) ("Whatever the Supreme Court's decisions in *Heller* and *McDonald* might mean for future questions about open-carry rights, for now this is unsettled territory"); *Kachalsky v. Cnty. of Westchester*, 701 F.3d 81, 96 (2d Cir. 2012) (finding that "our tradition . . . clearly indicates a substantial role for state regulation of the carrying of firearms in public" and applying intermediate scrutiny to concealed carry licensing program).[7] District courts in the Ninth Circuit have likewise held that "the Second Amendment does not create a fundamental right to carry a . . . weapon in public." *Richards v. Cnty. of Yolo*, 821 F. Supp. 2d 1169, 1174 (E.D. Cal. 2011); *Peruta v. Cnty. of San Diego*, 758 F. Supp. 2d 1106, 1114 (S.D. Cal. 2010) ("declin[ing] to assume that [Section 25850] places an unlawful burden on the right to carry a firearm for self-defense").

Here, to succeed on his claims Plaintiff would have to establish both that (1) he has a fundamental Second Amendment right to openly carry a firearm in public; and that (2) the Challenged Statutes constitute an unconstitutional burden on that right. As is evident from the extant case law, it is far from clear that Plaintiff enjoys such a right. Even if he does, though, the Court finds that Plaintiff is unlikely to demonstrate that the Challenged Statutes fail to satisfy the applicable standard of review and are thus unconstitutional.

---

[6] The Ninth Circuit has yet to address the issue of open carry with respect to the Second Amendment.

[7] *But see Moore v. Maidgan*, 702 F.3d 933, 936 (7th Cir. 2012) (holding that the Second Amendment "implies a right to carry a loaded gun outside the home"). In *Moore*, the Seventh Circuit invalidated an Illinois statute that "flat[ly] ban[ned] . . . carrying ready-to-use guns outside the home" with no self-defense exception and no provision for obtaining concealed-carry licenses. *Id.* at 940-41. *Moore* is thus inapposite, because as is discussed below, the law at issue there was far more burdensome than the Challenged Statutes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 11-09916 SJO (SS)        DATE: July 3, 2013

The Ninth Circuit has not yet established what standard of review should be applied to Second Amendment challenges.[8] Plaintiff makes the conclusory argument that "[a]t a minimum, strict scrutiny is required." (Mot. 14.) Plaintiff cites to no cases, and the Court can find none, where a court employed strict scrutiny to evaluate regulations that do not implicate the use or possession of firearms in the home. Cf. United States v. Engstrum, 609 F. Supp. 2d 1227, 1231 (D. Utah 2009) (applying strict scrutiny to statute that made it unlawful to possess a firearm after being convicted of domestic violence). Plaintiff also argues that strict scrutiny is warranted because "the stated intent of [Section 25850] [was] to disarm the African-American members of the Black Panther Party for Self-Defense." (Mot. 14.) However, the text of Section 25850 is race-neutral, and Plaintiff has produced no evidence that it has been disproportionately enforced against minority groups such as African Americans. As such, the Court declines to apply strict scrutiny here.

Harris asks the Court to adopt the "substantial-burden" test (Opp'n 9), under which "heightened scrutiny is appropriate only as to those regulations that substantially burden the Second Amendment." United States v. DeCastro, 682 F.3d 160, 164 (2d Cir. 2012).[9] Alternatively, Harris argues that intermediate scrutiny is the appropriate standard of review. (Opp'n 12.) Because the Court concludes that the Challenged Statutes are likely to survive even intermediate scrutiny, the Court assumes without deciding that intermediate scrutiny applies for the purposes of this Motion.[10]

"[I]ntermediate scrutiny requires the asserted governmental end to be more than just legitimate; it must be either 'significant,' 'substantial,' or 'important,' and it requires the 'fit between the challenged regulation and the asserted objective be reasonable, not perfect." Peruta, 758 F. Supp. 2d at 1117 (citing United States v. Marzzarella, 614 F.3d 85, 98 (3d Cir. 2010)). Harris has persuasively argued that California has a substantial interest in increasing public safety by restricting the open carry of firearms, both loaded and unloaded. As found by California courts, Section 25850 is designed "to reduce the incidence of unlawful public shootings." People v. Flores, 169 Cal. App. 4th 568, 576 (2008); see also People v. Foley, 149 Cal. App. 3d Supp. 33, 39 (1983) ("The primary purpose of [Section 25850] is to control the threat to public safety in the

---

[8] In Nordyke, the Ninth Circuit found that a county ordinance that banned gun shows at county fairgrounds was "reasonable," and therefore passed constitutional muster, without deciding the precise standard of review. Nordyke, 681 F.3d at 1044-45.

[9] Other courts that have employed the substantial-burden test include the D.C. Circuit, see Heller v. Dist. of Columbia, 670 F.3d 1244, 1256-57 (D.C. Cir. 2011), and the Fourth Circuit, see Masciandaro, 638 F.3d at 470-71.

[10] Several courts, including those in the Third, Ninth, and Tenth Circuits, have applied intermediate scrutiny in the context of regulations touching on the Second Amendment. See Peruta, 758 F. Supp. 2d at 1116 (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 11-09916 SJO (SS)          DATE: July 3, 2013

indiscriminate possession and carrying of concealed and loaded weapons.") Likewise, Section 26350 and Section 26400 were enacted because:

> The absence of a prohibition on "open carry" has created an increase in problematic instances of guns carried in public, alarming unsuspecting individuals causing issues for law enforcement.

> Open carry creates a potentially dangerous situation. In most cases when a person is openly carrying a firearm, law enforcement is called to the scene with few details other than one or more people are present at a location and are armed.

> In these tense situations, the slightest wrong move by the gun carrier could be construed as threatening by the responding officer, who may feel compelled to respond in a manner that could be lethal. In this situation, the practice of "open carry" creates an unsafe environment for all parties involved: the officer, the gun-carrying individual, and for any other individuals nearby as well.

> Additionally, the increase in "open carry" calls placed to law enforcement has taxed departments dealing with under-staffing and cutbacks due to the current fiscal climate in California, preventing them from protecting the public in other ways.

(Decl. of Jonathan M. Eisenberg in Opp'n to Mot. Ex. A ("Legislative History"), at AG0021, Ex. B, at AG0092, ECF No. 104.) Accordingly, the Court finds the first part of the intermediate scrutiny test to be satisfied.

The Court also finds that the Challenged Statutes are designed such that there is a reasonable fit between their provisions and the objective of increasing public safety. Notably, unlike the statutes at issue in *Heller* or *Moore*, the Challenged Statutes all contain an exception for self-defense. *See* Cal. Penal Code §§ 26045(a), 26362, 26405. The Challenged Statutes also provide for exceptions for, *inter alia*, defense of property, security guards, police officers, members of the military, hunters, target shooters, persons who possess a firearm on their own property, and persons who possess a firearm at their lawful residence, "including any temporary residence or campsite." Cal. Penal Code §§ 25900-26060, 26361-26391, 26405. In light of this thoughtful and comprehensive statutory regime, the Court concludes that the Challenged Statutes likely satisfy intermediate scrutiny, and thus Plaintiff is unlikely to succeed on his Second Amendment claim.

/ / /

2.    Fourteenth Amendment

Document 105

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   CV 11-09916 SJO (SS)                DATE: July 3, 2013

Plaintiff also argues that the Challenged Statutes should be enjoined because they violate the equal protection clause of the Fourteenth Amendment insofar as they are applied differently in different counties of California, and certain classes of persons are exempt. (Mot. 10-11.) In particular, California Penal Code sections 26150 and 26155 provide for the issuance of open carry licenses in counties where the population is less than 200,000. *See* Cal. Penal Code §§ 26150(b)(2); 26155(b)(2). Plaintiff contends that "[g]iven that [ninety-four percent] of the people in this state reside in counties with a population of 200,000 or more persons, this is tantamount to a de jure ban on openly carried firearms." (Mot. 10.) Likewise, Plaintiff avers that the statutory exemptions for certain classes of persons such as retired peace officers constitute disparate treatment in violation of the equal protection clause of the Fourteenth Amendment.

As recently held by the Ninth Circuit in *Nordyke*, "because [the ordinance at issue] does not classify . . . on the basis of a suspect class, . . . rational basis scrutiny applies." *Nordyke*, 681 F.3d at 1043 n.2. Likewise, here there is no contention here that the Challenged Statutes classify on the basis of race,[11] gender, national origin, or any other suspect classification. As such, the classifications and exemptions set forth in the Challenged Statutes "need only rationally further a legitimate state purpose." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 54 (1983). Here, the California Legislature could have rationally concluded that the open carrying of firearms presents a great danger to public safety in more densely populated areas. Likewise, the California Legislature could have reasonably believed that certain groups, such as retired police officers, were in greater need of self-protection and thus should be allowed to openly carry a firearm. The statutory exemptions for groups such as hunters, target shooters, and the military are also easily justified as rationally related to legitimate state purposes. As such, the Court finds that Plaintiff is unlikely to succeed on his Fourteenth Amendment claim.

3.    Fourth Amendment

Plaintiff claims that Section 25850(b) violates the Fourth Amendment because it authorizes police officers to examine openly carried firearms to determine if they are loaded, and it further provides that "refusal to allow a peace officer to inspect a firearm pursuant to this section constitutes probable cause for arrest for violation of this section." Cal Penal Code § 25850(b). In support of his argument, Plaintiff cites to *United States v. Fuentes*, 105 F.3d 487 (9th Cir. 1997), for the proposition that "[m]ere refusal to consent to a stop or search does not give rise to reasonable suspicion or probable cause." *Id.* at 490. Harris responds that because the Challenged Statutes do not offend the Second Amendment, "[a] peace officer would have reasonable, legitimate

_____

[11] As established above, while Plaintiff has submitted evidence that Section 25850 was originally enacted in response to members of the Black Panthers openly carrying firearms in public, there is no evidence that the Challenged Statutes have been disproportionately enforced against any group on the basis of a suspect classification.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 11-09916 SJO (SS)</u>          DATE: <u>July 3, 2013</u>

grounds under Section 25850(a) to check a firearm openly carried in public, to determine if it is loaded." (Opp'n 15.)

Harris is incorrect that there can be no Fourth Amendment violation as a matter of law if the Challenged Statutes are constitutional under the Second Amendment.  "Under the Fourth Amendment, a warrantless arrest requires probable cause."  *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).  The Ninth Circuit has defined probable cause as "knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested."  *Id.*  As such, determining whether there is probable cause to effectuate an arrest is an inherently fact-intensive inquiry that depends on the totality of the circumstances confronting the arresting officers.

Here, however, Plaintiff is mounting a facial challenge to the constitutionality of Section 25850(b).  "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."  *United States v. Salerno*, 481 U.S. 739, 745 (1987); *see also Alphonsus v. Holder*, 705 F.3d 1031, 1042 n.10 (9th Cir. 2013) (affirming the validity of the rule announced in *Salerno* "[o]utside the First Amendment and abortion contexts").  Plaintiff has not demonstrated that Section 25850(b) violates the Fourth Amendment in all possible circumstances.  To the contrary, the Court can envision any number of scenarios in which a police officer would have probable cause to arrest someone after they have refused to allow the officer to determine if their firearm was loaded.  Accordingly, the Court finds that Plaintiff is not likely to succeed on his claim that Section 25850(b) violates the Fourth Amendment.

        4.   <u>Vagueness</u>

Plaintiff also contends that Section 25850 is unconstitutionally vague as to what constitutes a "public place" and because "[t]he California [c]ourts cannot agree on what constitutes a loaded firearm." (Mot. 12, 16.) This claim fails at the outset, however, because facial challenges on the ground of unconstitutional vagueness that do not involve the First Amendment are not cognizable pursuant to Ninth Circuit precedent. *See United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001). Plaintiff here is mounting a facial challenge to Section 25850. Accordingly, the Court finds that Plaintiff is not likely to succeed on this claim.

        B.   <u>Irreparable Harm</u>

Plaintiff fails to demonstrate that he is likely to suffer irreparable harm in the absence of a preliminary injunction.  Plaintiff contends that he will suffer such harm because the Challenged Statutes constitute a deprivation of his constitutional rights. (Mot. 17-18 (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  This argument fails, however, because Plaintiff is unlikely to establish that his constitutional rights have been infringed for the reasons articulated above. Moreover, Plaintiff's "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 11-09916 SJO (SS)                DATE:  July 3, 2013

harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985). Here, Section 25650 has been on the books since 1967, when it was enacted by the California Legislature as California Penal Code section 12031.  (*See* Compl. Ex. 2.)  Section 26350 was enacted in October 2011, and Section 26400 took effect in September 2012.  *See* Cal. Penal Code §§ 26350, 26400.  Nevertheless, Plaintiff did not file his Motion until April 2013.  The Court finds that this delay shows that the harm alleged by Plaintiff is not so urgent that the extraordinary remedy of a preliminary injunction is warranted.

    C.     The Balance of Equities and the Public Interest

Finally, the Court concludes that the balance of equities and the public interest also weigh against granting a preliminary injunction.  Plaintiff has failed to show that the Challenged Statutes constitute an unconstitutional burden on his rights, whereas "a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined." *Coalition for Economic Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997).[12]  The balance of the equities thus tips in favor of Harris.

Further, as explained above, the Challenged Statutes were enacted because the California Legislature found that open carry "creates a potentially dangerous situation . . . [where] the slightest wrong move by the gun carrier could be construed as threatening by the responding officer, who may feel compelled to respond in a manner that could be lethal." (Legislative History, at AG0021.)  Plaintiff has given this Court no reason to second-guess the policy judgment of the California Legislature, and thus the Court concludes that an injunction would not be in the public interest.

In sum, the Court finds that application of the *Winter* factors uniformly weighs against preliminary enjoining the enforcement of the Challenged Statutes.

III.    RULING

For the foregoing reasons, Plaintiff's Motion is **DENIED**.  The Court refers this matter to Magistrate Judge Segal for further proceedings.

IT IS SO ORDERED.

---

[12] Plaintiff cites to *Klein v. City of San Clemente*, 584 F.3d 1196 (9th Cir. 2009), which held that the balance of equities favored an injunction when the plaintiff was likely to succeed on his claim that a municipality's anti-littering ordinance violated the First Amendment. *Id.* at 1208.  *Klein* is inapposite, as the Court has found that Plaintiff is unlikely to succeed on his constitutional claims here.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **PLAINTIFF'S NOTICE OF APPEAL PRELIMINARY INJUNCTION** was served via United States Mail, postage prepaid, on this _8_ day of _July_, 2013; on the following:

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Attorneys for Defendant California Attorney General Kamala Harris

AND

THOMAS PETER PIERCE
LISA MARIE BOND
Richards Watson and Gershon
355 S Grand Avenue 40th Floor
Los Angeles, CA 90071-3101
Attorney for Defendants:
CITY OF REDONDO BEACH and DOES 1 to 10

Charles Nichols
Plaintiff, In Pro Per
Case No. CV-11-9916 SJO (SS)

**RICHARDS | WATSON | GERSHON**
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

<u>**PROOF OF SERVICE**</u>

I, Karen Eisenberg, declare:

I am a resident of the state of California and over the age of eighteen years and not a party to the within action. My business address is 355 South Grand Avenue, 40th Floor, Los Angeles, California 90071-3101. On July 31, 2013, I served the within document(s) described as:

**APPELLEE CITY OF REDONDO BEACH'S OPPOSITION TO EMERGENCY MOTION FOR STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL; DECLARATION OF T. PETER PIERCE IN SUPPORT**

on the interested parties in this action as stated below:

Charles Nichols
P.O. Box 1302
Redondo Beach, CA 90278
Tel:   (424) 634-7381

[  ]   (BY MAIL)  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth above. I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

[ X ]   (BY OVERNIGHT EXPRESS MAIL DELIVERY)  By placing the document(s) listed above in a sealed envelope with Express Mail postage thereon fully prepaid, addressed as set forth above, and causing the envelope to be deposited with the United States Postal Service.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 31, 2013, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Karen Eisenberg

R6900-1031\1605721v1.doc